UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

JAZMINE I. ROBERTS,

            Plaintiff,

v.

NEW YORK PRESBYTERIAN HOSPITAL, QUEENS, *et al.*,

            Defendants.

**MEMORANDUM AND ORDER**
24-CV-1352 (HG) (PK)

**HECTOR GONZALEZ**, United States District Judge:

    Plaintiff Jazmine I. Roberts commenced this *pro se* civil action on February 22, 2024. ECF No. 1 (Complaint). On the same day, Plaintiff moved to proceed *in forma pauperis*. ECF No. 2 (Motion for Leave to proceed *In Forma Pauperis*). Plaintiff's motion to proceed *in forma pauperis* is granted. However, for the reasons stated herein, the Court dismisses Plaintiff's Complaint.

## FACTUAL BACKGROUND

    Plaintiff filed her Complaint using the form complaint for civil rights actions and alleges the basis for jurisdiction is 42 U.S.C. § 1983. ECF No. 1 at 4. Plaintiff's Complaint is difficult to decipher as she does not identify the state actors against whom she is pursuing her Section 1983 claim. However, Plaintiff broadly alleges a claim relating to the "denial of health care services" related to a visit on April 1, 2023, to New York Presbyterian Hospital in Queens. *Id.* at 4–5. While there, Plaintiff states that she was told that her condition would not be treated with metronidazole. *Id.* at 5. As a result, she states, her symptoms got worse, and she had to go back to the hospital on April 15, 2023. *Id.* At the second visit, Plaintiff received "extra stabilization treatment." *Id.* at 6. Plaintiff attaches a series of exhibits, including a collection notice for

unpaid medical expenses related to her April 1 and April 15, 2023, hospital visits and discharge instructions signed by Defendant Sara S. Verma[1] and another provider. *Id.* at 8–23. The April 15, 2023, discharge instructions include a prescription for metronidazole. *Id.* at 19. Plaintiff requests an unspecified amount of compensatory and punitive damages. *Id.* at 6.

## **LEGAL STANDARD**

A complaint must plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).[2] A claim is plausible "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Matson v. Bd. of Educ.*, 631 F.3d 57, 63 (2d Cir. 2011). Although all allegations contained in the complaint are assumed to be true, this tenet is "inapplicable to legal conclusions." *Ashcroft v. Iqbal,* 556 U.S. 662, 678 (2009).

A *pro se* complaint "must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007). The Court's obligation "to construe a *pro se* complaint liberally" continues to apply "[e]ven after *Twombly*" established the plausibility standard for assessing pleadings. *Newsome v. Bogan*, 795 F. App'x 72, 72 (2d Cir. 2020). A district court shall dismiss an *in forma pauperis* action where it finds the action "(i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B).

---

[1]  The spelling of the Defendant's name in the document differs from the spelling Plaintiff uses in the Complaint.

[2]  Unless noted, case law quotations in this Order accept all alterations and omit all internal quotation marks, citations, and footnotes.

"It is a fundamental precept that federal courts are courts of limited jurisdiction and lack the power to disregard such limits as have been imposed by the Constitution or Congress. Perhaps the most important limit is subject-matter jurisdiction, which defines a court's competence to adjudicate a particular category of cases." *Platinum-Montaur Life Scis., LLC v. Navidea Biopharms., Inc.*, 943 F.3d 613, 616–17 (2d Cir. 2019). Subject matter jurisdiction "can never be forfeited or waived. Consequently, defects in subject-matter jurisdiction require correction regardless of whether the error was raised in district court." *See United States v. Cotton*, 535 U.S. 625, 630 (2002); *see also* Fed R. Civ. P. 12(h)(3) ("If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action.").

Federal courts have subject matter jurisdiction to hear cases if the parties have diverse citizenship or if the issues arise under federal law. *See* 28 U.S.C. § 1331 (federal courts have "original jurisdiction over all civil actions arising under the Constitution, laws, or treaties of the United States"); *see also* 28 U.S.C. § 1332(a) (federal courts have original jurisdiction of cases between "citizens of different States" where the "matter in controversy exceeds the sum or value of $75,000").

## DISCUSSION

Plaintiff fails to state a claim upon which relief may be granted. For Plaintiff to bring a claim under Section 1983, Plaintiff must show that the harm was "committed by a person acting under color of state law," and that the action "deprived [the plaintiff] of rights, privileges, or immunities secured by the Constitution or laws of the United States." *Cornejo v. Bell*, 592 F.3d 121, 127 (2d Cir. 2010). Subject to limited exceptions, Section 1983 does not apply to claims against private individuals or private organizations. *American Mfrs. Mut. Ins. Co. v. Sullivan*, 526 U.S. 40, 50–51 (1999) ("the under-color-of-state-law element of § 1983 excludes from its

3

reach merely private conduct"). A private entity does not become a state actor merely because it (i) performs under a state contract, (ii) accepts state or federal funds, or (iii) is subject to state regulation. *Cranley v. Nat'l Life Ins. Co. of Vt.*, 318 F.3d 105, 112 (2d Cir. 2003) ("A finding of state action may not be premised solely on the private entity's creation, funding, licensing, or regulation by the government."); *Rendell-Baker v. Kohn*, 457 U.S. 830, 841 (1982) ("Acts of such private contractors do not become acts of the government by reason of their significant or even total engagement in performing public contracts."); *Jackson v. Metro. Edison Co.*, 419 U.S. 345, 350 (1974) ("The mere fact that a business is subject to state regulation does not by itself convert its action into that of the State.").

Defendant New York Presbyterian Hospital is a not-for-profit, private hospital. *See Gomez Nacer v. Div. of Gen. Med., NYPH*, No. 20-cv-5197, 2020 WL 4605243, at *3 (S.D.N.Y. Aug. 7, 2020). Defendant New York Presbyterian Hospital is not considered a state actor, even if it is licensed and regulated by the state. *See White v. St. Joseph's Hosp.*, 369 F. App'x 225, 226 (2d Cir. 2010) (holding "private actors and institutions," such as hospitals, "are generally not proper § 1983 defendants because they do not act under color of state law"); *Kia P. v. McIntyre,* 235 F.3d 749, 757 n.3 (2d Cir. 2000) ("Our decision in this case turns in large part on our conclusion that the [private] [h]ospital was not a state actor when it provided medical care to [plaintiff]"); *Anthony v. Med. Staff at Inst.*, 409 F. Supp. 3d 102, 105 (E.D.N.Y. 2016) (citing cases holding that private hospitals were not liable under Section 1983). Additionally, Plaintiff has not alleged that the hospital or its employee, Defendant Verma, have acted under color of state law. Accordingly, "[b]ecause New York Presbyterian Hospital is a private, non-profit hospital, and [the individual] Defendant[] . . . [is a] private part[y] who do[es] not work for any state or other government body, Plaintiff fails to state a § 1983 claim against these

4

[D]efendants." *Gomez Nacer*, 2020 WL 4605243, at *3. Therefore, Plaintiff's Section 1983 claims are dismissed for failure to state a claim pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii).[3]

Although district courts typically allow *pro se* plaintiffs an opportunity to amend their complaints, the Court denies leave to amend because the nature of the defects in Plaintiff's claims would render any amendment futile. *See, e.g.*, *Abdul-Rahman v. Brooklyn Hosp. Ctr.*, No. 10-cv-1697, 2010 WL 1838607, at *1 (E.D.N.Y. Apr. 30, 2010) (denying leave to amend where court dismissed Section 1983 claims against Brooklyn Hospital Center and its employees).

## CONCLUSION

For the reasons set forth above, the Complaint is dismissed for failure to state a claim pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii). Any potential state law claims are dismissed without prejudice.

The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal would not be taken in good faith and therefore *in forma pauperis* status is denied for purpose of an appeal. *See Coppedge v. United States*, 369 U.S. 438, 444–45 (1962). The Clerk of Court is respectfully directed to enter judgment and close this case. The Court's staff is mailing Plaintiff a copy of

---

[3] To the extent Plaintiff intends the Court to construe her claims as alleging medical malpractice, "allegations of medical malpractice or negligent failure to provide treatment will not suffice to support an action under 42 U.S.C. § 1983." *Sha v. Mem'l Sloan-Kettering Cancer Ctr.*, No. 99-cv-3233, 2000 WL 1760883, at *2 (S.D.N.Y. Nov. 30, 2000), *aff'd sub nom. Sha (Engelhardt) v. Mem'l Sloan Kettering Cancer Ctr.*, 29 F. App'x 788 (2d Cir. 2002). "Claims for negligence and medical malpractice arise under state law, and a federal court generally will not have original jurisdiction over the claims unless complete diversity exists." *Urena v. Wolfson*, No. 09-cv-1107, 2010 WL 5057208, at *13 (E.D.N.Y. Dec. 6, 2010). Plaintiff resides in New York. ECF No. 1 at 2. The Court takes judicial notice that Defendant New York Presbyterian Hospital, Queens is also citizen of New York. *See* OFFICE OF NEW YORK ATT'Y GEN: Search Charities Database: New York-Presbyterian/Queens, https://perma.cc/72P4-SKGP (last visited April 2, 2024). Because both Plaintiff and at least one Defendant are citizens of New York, diversity jurisdiction does not exist.

this order, along with copies of the unpublished decisions referenced in this order, in accordance with the Second Circuit's decision in *Lebron v. Sanders*, 557 F.3d 76 (2d Cir. 2009).

SO ORDERED.

                                                 */s/ Hector Gonzalez*             .
                                                HECTOR GONZALEZ
                                                United States District Judge

Dated: Brooklyn, New York
       April 2, 2024